UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAKEWOOD DEVELOPMENT, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-9035** |
| | * | |
| **UNITED STATES ARMY CORPS OF** | * | |
| **ENGINEERS** | * | **SECTION "L"** |

### ORDER & REASONS

Before the Court is Plaintiff Lakewood Development, L.L.C.'s ("Lakewood") Motion to Reconsider Entry of Dismissal pursuant to Fed. R. Civ. P. 59(e) (Rec. Doc. No. 26). Lakewood moves the Court to reconsider its dismissal of Lakewood's claims arguing that the Court failed to address the Tulloch Rule issue. The Defendant United States Army Corps of Engineers (the "Corps") opposes the motion. For the following reasons, the motion is DENIED.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Lakewood seeks to construct a housing sub-division near Burnside, Louisiana. This sub-division will consist of 145 lots designed for moderately-priced, single-family homes. Lakewood sought a determination of jurisdiction from the Corps and on May 19, 2005, the Corps determined that approximately nine acres of the 57 acre site were jurisdictional wetlands within the meaning of § 404 of the Clean Water Act. As a result, Lakewood applied for an individual § 404 permit on June 24, 2005.

After the application process, the Corps informed Lakewood that it would issue the permit upon Lakewood providing eleven (11) bottom land hardwood mitigation credits from the Silos-Tunica Mitigation Bank. Lakewood objected to this requirement because the Silos-Tunica Mitigation Bank did not have sufficient credits available and that cost of the credits would make

the lots within the sub-division unaffordable at the price range planned for the sub-division. Lakewood submitted several alternative plans, however, the Corps rejected them all.

To avoid the necessity for the mitigation credits, Lakewood prepared an alternative development plan that would allow the development of some of the property utilizing Nationwide Permit No. 29. Lakewood submitted a proposal for Nationwide Permit No. 29 on or about April 3, 2007, for permission to construct a road crossing in the sub-division. Following the submission, the Corps requested an informal consultation with Lakewood to discuss the project. The contents of this discussions at this meeting is disputed by the parties. Lakewood claims that the Corps did not deny its request for a Nationwide Permit No. 29, that any additional submissions were required or that Lakewood's proposed construction would be deemed a violation of any law, rule or regulation. As a result, Lakewood believed its proposal for Nationwide Permit No. 29 was not denied and that they could proceed. The Corps claims that it informed Lakewood at this meeting that its plan was not appropriate.

On November 20, 2007, Lakewood filed suit in this Court asserting a cause of action under the Administrative Procedure Act. Lakewood sought a declaratory judgment determining that the Corps has no jurisdiction over the sub-division, and, alternatively, for a judgment declaring that Lakewood is authorized to proceed with the work described in its pre-discharge notification and application for Nationwide Permit No. 29. On April 15, 2008, the Corps filed a Motion to Dismiss Case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, the Corps argued that the court lacked jurisdiction to hear Lakewood's claims pursuant to the Administrative Procedures Act ("APA"). This Court granted the Corps' Motion holding that it lacked jurisdiction because none of the actions complained of by Lakewood constituted "final agency action" as required for judicial review under the APA.

**II.     PRESENT MOTION**

Lakewood now moves the Court to reconsider the Order dismissing Lakewood's original action pursuant to Fed. R. Civ. P. 59(e). *See* Rec. Doc. No. 24.  Lakewood argues that this Court failed to consider that the Tulloch II Rule, which gives the Corps authority to regulate excavation of the kind at issue in the instant case, was held unenforceable in *Nat. Ass'n. of Home Builders v. U.S. Army Corps. of Eng'rs*, 2007 WL 259944 (D.D.C. Jan. 30, 2007).  Accordingly, Lakewood argues that the Corps has no authority to regulate Lakewood's proposed excavation and therefore, the motion to dismiss the claim should be reconsidered and denied.

The Corps opposes Lakewood's motion arguing that Lakewood fails to identify any reason this Court should reconsider its prior Order, especially considering the extraordinary nature of the reconsideration remedy.  Additionally, the Corps reasserts its argument that the court lacks jurisdiction over Lakewood's original action because no final agency action has occurred as required for review under the APA.

**III.    LAW & ANALYSIS**

   **A.     Standard of Review**

A Rule 59(e) motion for reconsideration of a judgment is an extraordinary remedy which courts should use sparingly.  *Peterson v. Cigna Group Ins*., 2002 WL 1268404, *1 (E.D. La. June 5, 2002)(citing Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.* 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995)).  The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has stated that denial of Rule 59(e) motions is favored.  *See id.*  The district court has considerable discretion in deciding whether to reopen a case pursuant to Rule 59(e).  *See id.*  Courts in this district hold that a moving party must satisfy

at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F.Supp.2d 769, 770 (E.D. La. 2004). However, the remedy should not be used to "relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Peterson,* 2002 WL 1268404 at *1.

### B. Analysis

In the instant motion, Lakewood states that this Court failed to address the Tulloch Rule issue in its order dismissing Lakewood's original action. Lakewood contends that a reconsideration of this issue will show that this Court does have jurisdiction over Lakewood's original action under the APA.

The APA "waives the government's sovereign immunity, 5 U.S.C. § 702, and provides subject matter jurisdiction in conjunction with 28 U.S.C. § 1331 over 'final agency action.' 5 U.S.C. § 704." *Media General Operations, Inc. v. Herman*, 152 F. Supp.2d 1368, 1371-72 (S.D. Ga.2001) (citing *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 152 (5th Cir.1998) ("the APA does not create an independent grant of jurisdiction to bring suit" but Section 702 of the APA can create a cause of action for which jurisdiction exists under the general federal question statute, 28 U.S.C. § 1331)). In accordance with 5 U.S.C. § 704, federal jurisdiction is lacking when the administrative action in question is not "final." *See, e.g.*, *National Parks Conservation Association v. Norton*, 324 F.3d 1229, 1236 (11th Cir.2003). In *Bennett v. Spear*, 520 U.S. 154, 177-178, 117 S. Ct. 1154, 137 L. Ed.2d 281 (1997), the Supreme Court found that two conditions must be satisfied for agency action to be final: (1) "the action must mark the

'consummation' of the agency's decisionmaking process"; and (2) "the action must be one by which 'rights or obligation have been determined' or from which 'legal consequences will flow.'" *Bennett*, 520 U.S. at 177-78, 117 S. Ct. 1154; *see also Tennessee Valley Authority v. Whitman*, 336 F.3d, 1236, 1248 (11th Cir. 2003) ("The Supreme Court has established five factors for determining finality: (1) whether the agency action constitutes the agency's definitive position; (2) whether the action has the status of law or affects the legal rights and obligations of the parties; (3) whether the action will have an immediate impact on the daily operations of the regulated party; (4) whether pure questions of law are involved; and (5) whether pre-enforcement review will be efficient") (citing *FTC v. Standard Oil of Calif.*, 449 U.S. 232, 239-43, 101 S. Ct. 488, 66 L. Ed.2d 416 (1980)).

Federal courts have repeatedly confirmed that the EPA or the Corps' assertion of CWA regulatory jurisdiction over wetlands does not constitute final agency action under the APA. *Rueth v. EPA*, 13 F.3d 227, 230-31 (7th Cir. 1993); *Acquest Wehrle L.L.C. v. United States*, 567 F.Supp.2d 402, 410 (W.D.N.Y. 2008). Additionally, several courts have held that the CWA precludes judicial review of pre-enforcement administrative actions. *Acquest Wehrle, L.L.C.*, 567 F.Supp.2d at 410. Final agency action, allowing the plaintiff to seek judicial review under the CWA and the APA, does not occur until the agency actually seeks judicial enforcement of a compliance order or administrative enforcement of penalties. *See Reuth*, 13 F.3d at 230-31; *see also Acquest Wehrle, L.L.C.*, 567 F.Supp.2d at 410.

Further, an agency's rescission of a provisional permit under the CWA may not constitute final agency action under the APA. *Acquest Wehrle, L.L.C.*, 567 F.Supp.2d at 411. In *Acquest Wehrle, L.L.C. v. United States*, 567 F.Supp.2d 402 (W.D.N.Y. 2008), the district court held that the Corps' rescission of the plaintiff's provisional permit under the CWA to discharge

fill into wetlands did not constitute final agency action subject to APA review. The court reasoned that the provisional permit did not authorize any work or otherwise determine any rights or obligations in favor of the plaintiff; therefore, the rescission of the permit likewise could not have determined any rights or obligations. *See Acquest Wehrle, L.L.C.*, 657 F.Supp.2d at 411. The court added that the plaintiff "was in exactly the same legal position after the provisional permit was rescinded as it had been in before: it lacked authorization from the Corps to discharge fill material into the designated wetlands on the site." *Id*.

The Tulloch Rule issue refers to the January 30, 2007 order by the United States District Court for the District of Columbia in *Nat. Ass'n of Home Builder v. U.S. Army Corps of Eng'rs*, 2007 WL 259944 (D.D.C. Jan. 30, 2007) to enjoin the Corps and EPA from enforcing a final rule commonly known as the "Tulloch II" rule. The rule provided a definition for discharge of dredged or fill material under § 404 of the Clean Water Act ("CWA") which authorizes the Corps and the EPA to issue permits for such discharge into the waters of the United States. *Nat. Ass'n of Home Builders*, 2007 WL 259944; 33 U.S.C. § 1344(a). The court held that the rule's definition violated the CWA because it made no reference to the amount of time material is held before it is dropped, improperly included a volume requirement, and failed to aptly distinguish between incidental fallback from other redeposits. *Id*.

In Lakewood's original action it sought a declaratory judgment determining that the Corps had no jurisdiction over its property, and alternatively, a judgment declaring that it was authorized to proceed with the work described in its pre-discharge notification and application for a permit under § 404 of the CWA. This Court determined that neither of these claims constituted final agency action under the APA and thus it lacked jurisdiction to hear the claims. Jurisprudence is clear that the Corps' assertion of CWA jurisdiction over wetlands does not

constitute final agency action under the APA.  Additionally, the recent decision in *Acquest Wehrle, L.L.C. v. United States* clarified that both issuance and rescission of a provisional permit under the CWA to discharge fill into wetlands does not constitute final agency action where such a permit does not provide legal authorization to discharge.  657 F.Supp.2d at 411. In the instant case, Lakewood did not even go so far as to receive a provisional permit, rather it only completed a pre-discharge notification and an application for a permit, neither of which provide legal authorization for Lakewood to discharge.  Accordingly, the Corps' informal consultation with Lakewood involving the permit, whether the permit proposal was denied or not, does not constitute final agency action under the APA.  For the foregoing reasons, the Court's determination that it lacked jurisdiction to hear Lakewood's original action should not be disturbed unless the Tulloch Rule issue provides this Court with other grounds for jurisdiction.

Lakewood does not specify the grounds upon which the Tulloch Rule issue warrants reconsideration of entry of dismissal.  Lakewood merely states that this Court failed to address the Tulloch rule issue in its Order.  However, such an omission does not constitute any of the four enumerated grounds for a motion to reconsider entry of dismissal.  Even assuming the failure of this Court to discuss the Tulloch rule issue in its Order was one of the grounds, reconsideration is an extraordinary remedy that is only to be used in the most generous sense, sparingly.  In the instant case, the Corps never actually issued such a permit, only an informal consultation was held to discuss Lakewood's proposal for a permit.  More importantly though, the Tulloch rule issue does not change this Court's holding that it lacked jurisdiction because the Corps' actions did not constitute final agency action under the APA.  Had the issue of the original action involved the Corps' judicial enforcement of a compliance order or administrative enforcement of penalties involving issuance of a § 404 permit, perhaps the Tulloch rule issue

would provide grounds for this Court's reconsideration of its entry of dismissal. However, this is not the current issue before the Court; therefore, Lakewood has failed to convince this Court that the Tulloch rule issue warrants reconsideration of its entry of dismissal.

## IV.    CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff Lakewood Development, L.L.C.'s ("Lakewood") Motion for Reconsideration of Order of Dismissal pursuant to Fed. R. Civ. P. 59(e) (Rec. Doc. No. 26) is DENIED.

New Orleans, Louisiana, this 17th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE